HHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 09 C 5562 |
| v. ) | (05 CR 81-2) |
| ) | |
| MELVIN JONES, ) | Suzanne B. Conlon, Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Melvin Jones' *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

## BACKGROUND

The following facts are drawn from the Seventh Circuit opinion affirming Jones' conviction. *United States v. Jones*, 314 Fed.Appx. 883, 2009 WL 706454 (7th Cir. 2009). Jones, a former Dolton, Illinois police officer, was snared by an FBI sting targeting a corrupt lawyer. Harvey Gooden, a drug dealer, became a government informant after he was charged with a gun crime. Gooden disclosed that one of his clients, attorney Christopher Millet, robbed drug dealers with help from the police. With agents recording the conversations, Gooden told Millet he knew a dealer worth robbing, and Millet, relying on details supplied by Gooden, planned a heist to be carried out by a police officer. The FBI put two kilograms of flour packaged to resemble cocaine and $20,000 in the trunk of a car parked outside a hotel and kept watch after Gooden called Millet to tell him the location. Three men, none of them Millet or Jones, were videotaped stealing the money and bogus cocaine. The FBI arrested only Millet and persuaded him to cooperate. He identified Jones as the

complicit police officer and, with coaching from agents, Millet called Jones several times to talk about the heist and to propose another robbery.

FBI agents later confronted Jones at his home. Although he initially denied involvement, Jones confessed after the agents showed the surveillance photos and played recordings of his conversations with Millet. Jones identified one of the thieves as "TD," someone he knew through a drug dealer and had recruited to steal the money and drugs. Jones admitted to relaying information between Millet and TD throughout the conspiracy. Despite initial cooperation, Jones stopped helping the FBI. The $20,000 was never recovered nor were the three robbers arrested.

At trial, the government called just two witnesses, the FBI agent who led the operation and Gooden. The government also introduced phone records detailing the dates, times, and duration of phone calls among the main players and recordings of conversations between Gooden and Millet, and Millet and Jones. Jones testified on his own behalf and denied all involvement. The jury convicted Jones on all three counts: conspiracy to possess cocaine with intent to distribute, attempted possession of cocaine with intent to distribute, and theft of government money. The court sentenced him to 97 months imprisonment. Jones fired his attorney after sentencing and proceeded *pro se* on appeal.

On appeal, Jones contended that: (1) the drug counts in the indictment were defective; (2) the district court erred in admitting recordings of conversations that included statements by a person who did not testify at trial; (3) the court erred in denying his motion for a new trial; and (4) his trial counsel was ineffective. On March 18, 2009, the Seventh Circuit rejected the first two arguments and affirmed his conviction. *Jones*, 2009 WL 706454. The Seventh Circuit did not address the denial of Jones' motion for a new trial because he failed to file a separate notice of appeal on that

issue. The Seventh Circuit declined to address Jones' claim of ineffective counsel because it was best reserved for collateral review. Jones did not petition the Supreme Court for a writ of *certiorari*.

## LEGAL STANDARD

Section 2255 permits a federal prisoner to ask the sentencing court to vacate, set aside, or correct a sentence after direct review is completed on the grounds that the sentence was imposed in violation of the Constitution or federal law, the sentencing court was without jurisdiction, the sentence exceeds the statutory maximum, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The court must review the record and draw all reasonable inferences in the government's favor. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

A § 2255 motion is not a substitute for direct appeal nor is it a means to appeal the same claims a second time. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). A defendant cannot raise issues already argued on direct appeal, absent a showing of changed circumstances. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Constitutional issues not raised on direct appeal are barred in a collateral review unless a defendant can show good cause for the procedural default and actual prejudice from the failure to appeal. *Id.* Non-constitutional issues that could have been raised on direct appeal cannot be raised in a § 2255 motion. *Id.*

## ANALYSIS

Jones' § 2255 motion asserts he received ineffective assistance of counsel, and the government failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

3

I.   **Ineffective Assistance of Counsel**

Jones argues his trial counsel was constitutionally ineffective in violation of the Sixth Amendment to the United States Constitution. Because claims of ineffective assistance usually involve evidence outside the record, they may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Jones must show that his attorney's performance fell below an objective standard of reasonableness, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because counsel is presumed to have performed effectively, Jones bears a heavy burden in challenging his attorney's performance. *United States v. Hatten-Lubick*, 525 F.3d 575, 579 (7th Cir. 2008). To establish prejudice, Jones must show there is a reasonable probability the result of the proceedings would have been different but for his attorney's errors. *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004). Courts may deny ineffective assistance claims for lack of prejudice without ever considering the adequacy of counsel's performance. *Strickland*, 466 U.S. at 697.

A.   **Drug Quantity**

Jones argues his attorney was ineffective for failing to object to the drug quantity used to determine his base offense level under the advisory sentencing guidelines. Specifically, he contends his attorney should have objected to the two kilograms amount (the quantity of flour used in the sting) because Millet and Jones never discussed the amount of cocaine they planned to steal. *See* U.S.S.G. § 2D1.1, App. Note 12 (in a reverse sting, the agreed-upon quantity of drugs more accurately reflects the scale of the offense). Challenges to the court's application of the guidelines are generally non-cognizable under § 2255, and the Seventh Circuit is wary of allowing prisoners to

4

circumvent this rule by recasting those challenges as claims of ineffective assistance of counsel. *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). For this reason, the Seventh Circuit insists on strict adherence to *Strickland*'s requirements when considering counsel's role in sentencing calculations on collateral review. *Id.*

The government argues that, even assuming Jones' attorney successfully objected to the drug quantity, the lower base offense level would only have created a difference of 19 to 43 months in the advisory guidelines range, a difference not significant enough to meet the constitutional standard of prejudice. The Supreme Court, however, has held it is error for courts to engraft onto *Strickland*'s prejudice prong a requirement that an increase in sentence must meet a standard of significance. *Glover v. United States*, 531 U.S. 198, 204, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). The amount Jones' sentence was enhanced may be a factor in determining whether his attorney's performance was ineffective, but it cannot serve as a bar to a showing of prejudice. *Id.*

Given the evidence of Jones' involvement in the conspiracy, counsel's decision not to challenge the drug quantity was neither objectively unreasonable nor prejudicial. Jones' claim that he was unaware of the exact amount of cocaine he conspired to steal is of no avail. He is responsible for the foreseeable conduct of his co-conspirators. U.S.S.G. § 1B1.3(a)(1)(B). With respect to a drug conspiracy, a defendant is liable for all reasonably foreseeable quantities of drugs that were within the scope of the criminal activity he jointly undertook. U.S.S.G. § 1B1.3, App. Note 2; *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005). A co-conspirator's conduct is reasonably foreseeable to a particular defendant if that defendant has demonstrated a substantial degree of commitment to the conspiracy's objectives. *United States v. Edwards*, 945 F.2d 1387, 1393-94 (7th Cir. 1991). A defendant who conspires to steal contraband from a drug dealer, but

happens not to know the precise amount, takes his chances that the amount may be significant. *United States v. Lezine*, 166 F.3d 895, 906 (7th Cir. 1999). With respect to Jones, two kilograms of "cocaine" was a reasonably foreseeable result of the conspiracy. The evidence showed that Millet approached Jones for his help in stealing money and drugs from a drug dealer. Jones agreed and enlisted the help of others to carry out the theft. Prior to the theft, Millet was told there were 1-2 kilograms of cocaine in the trunk of the target vehicle, as well as cash. Throughout the duration of the conspiracy, Jones served as the middleman, relaying information between Millet and the individuals carrying out the heist. After the theft, Jones found out from the thieves that the drugs were only flour and he passed that information along to Millet. Jones demonstrated a substantial commitment to the intended theft of cocaine. The possibility the theft would involve two kilograms was clearly foreseeable. Had an objection been made to the drug quantity at sentencing, it would have been overruled. Accordingly, Jones fails to demonstrate prejudice from his counsel's decision not to contest the drug quantity.

### B. Failure to Facilitate Cooperation

Jones argues his attorney was ineffective for frustrating his desire to cooperate with law enforcement. There is no dispute that Jones initially agreed to cooperate. That cooperation was short-lived. Jones now alleges his attorney ignored his subsequent desire to resume cooperation. He provides no evidence to substantiate his claim, only his unsupported assertions. Unsupported and conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. *Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002). Furthermore, Jones' allegation that he would have resumed cooperating and negotiated a guilty plea is insufficient to establish prejudice. *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). Jones must present objective

evidence showing a reasonable probability that he would have taken that course of action. *Id.* He presents no evidence at all. His claim is also belied by his trial testimony that he was innocent and he accused the investigating officer of lying about his inculpatory admissions.

### C. Counsel's Preparation and Investigation

Jones claims his counsel was unprepared for trial and failed to conduct a pretrial investigation, present a defense, or challenge the admissibility of the government's evidence. His allegations of counsel's ineffectiveness are phrased in broad and conclusory terms, as are his allegations of prejudice. Jones can overcome the presumption of counsel's effectiveness only by identifying specific acts or omissions that were outside the range of professionally competent assistance. *Strickland*, 466 U.S. at 690. In addition, he must show that, but for his attorney's errors, there is a reasonable probability he would have been acquitted. *Id.* at 694. Jones' vague allegations are insufficient to satisfy either of *Strickland*'s requirements.

Although Jones alleges his attorney did not adequately investigate his case, he does not identify available evidence that his counsel failed to discover or explain how the evidence would have led to his acquittal. *United States v. Muehlbauer*, 892 F.2d 664, 668-69 (7th Cir. 1990). He claims his attorney failed to call witnesses in his defense, but he does not provide the names of witnesses counsel should have called or what their testimony would have been. *Id.* at 669. Jones cites his attorney's failure to make evidentiary objections as evidence of deficient performance, but he does not identify a single piece of evidence that was improperly admitted. Moreover, nothing in the record suggests that counsel's trial performance was professionally inadequate or deficient. Because Jones fails to establish an ineffective assistance claim, his motion for relief on this ground is denied.

## II. Brady Violation

Jones seeks relief under § 2255 on the ground that the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He alleges the government failed to disclose a recorded conversation between Millet and himself in which he denied knowledge of the theft. Jones' *Brady* claim cannot serve as a basis for relief because he failed to adequately raise the argument on direct appeal. A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). The court cannot address the merits of an appealable issue unless it was raised on direct appeal. *Galbraith*, 313 F.3d at 1006. Jones can overcome this procedural default only by showing good cause for and prejudice from the failure to raise the issue on appeal.

Following his conviction, Jones filed a motion for a new trial in the Seventh Circuit, asserting this same *Brady* violation. The Seventh Circuit denied the motion because it should have been filed in the district court, and the appellate court cautioned Jones that he would have to file a separate notice of appeal if he pursued the motion in district court and objected to the ruling. Jones filed his motion for a new trial in this court, but it was denied. Without filing a separate notice of appeal, Jones attempted to include this issue in his direct appeal but was rebuffed by the Seventh Circuit for lack of appellate jurisdiction. *Jones*, 2009 WL 706454, at *3. Jones was warned of the notice of appeal requirement by the Seventh Circuit, he cannot establish good cause for the procedural default.

Jones also fails to establish prejudice from the procedural default. The *Brady* violation alleged in his § 2255 motion is a rehash of an argument the court has already denied. In denying Jones' motion for a new trial, the court found that Jones had both notice of and access to the

8

evidence he claims was withheld. Dkt. 257. His § 2255 motion does not offer any evidence suggesting the court's previous determination was erroneous. In order to obtain a new trial or vacate a sentence based on an alleged *Brady* violation, a defendant must establish that the prosecution suppressed material evidence favorable to the defense. *United States v. Young*, 20 F.3d 758, 764 (7th Cir. 1994). However, this analysis only applies if the defendant discovers, after trial, favorable information "known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976). Jones must have been aware of the recorded conversation with Millet as he personally participated. Although he claims he was unaware this particular conversation was recorded by the government, the court previously determined Jones' attorney had access to the recording prior to trial. Dkt. 257. Because Jones does not satisfy the cause and prejudice test, his *Brady* claim is procedurally defaulted.

## CONCLUSION

Jones fails to show his trial counsel provided ineffective assistance and his claim of a *Brady* violation is procedurally defaulted. Because the record conclusively shows Jones is not entitled to relief, his request for an evidentiary hearing must be denied. *Menzer v. United States*, 200 F.3d 1000, 1005-06 (7th Cir. 2000).

ENTER:

Suzanne B. Conlon
United States District Judge

November 9, 2009